**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vicente SEPULVEDA–RODRIGUEZ,
Defendant–Appellant.**

No. 04–40477.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 14, 2005.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Philip Cowan, Brownsville, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Vicente Sepulveda–Rodriguez appeals the sentence imposed following his guilty-plea conviction of possessing with the intent to distribute cocaine. Although Sepulveda–Rodriguez signed a waiver-of-appeal provision as part of his written plea agreement, we pretermit discussion of the validity of that waiver because Sepulveda–Rodriguez is not entitled to relief.

■ For the first time on appeal, Sepulveda–Rodriguez argues that the district court erred by sentencing him to the mandatory ten-year minimum term of imprisonment set forth in 21 U.S.C. § 841(b)(1)(A). He contends that the Supreme Court's opinion in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered discretionary a sentencing court's application of the minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A) and the "safety valve" provision set forth in 18 U.S.C. § 3553(f). However, *Booker* is silent as to those issues, and Sepulveda–Rodriguez has cited no other authority for his argument. Sepulveda–Rodriguez has not shown error.

■ Also for the first time on appeal, Sepulveda–Rodriguez argues that the dis-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trict court erred when it sentenced him pursuant to the mandatory United States Sentencing Guidelines scheme held unconstitutional in *Booker*. Application of the Guidelines in their mandatory form constitutes error that is plain. *United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). However, the district court's error did not affect the outcome of the sentencing proceedings. As Sepulveda–Rodriguez has not shown that the district court's error affected his substantial rights, he has not established reversible plain error. *See id.* at 733–34.

The judgment of the district court is AFFIRMED.